UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IN RE GREGORY MUMFORD,
                    Debtor
_____

THELMA EARLE-MUMFORD,

                    Plaintiff,

        v.

GREGORY MUMFORD,,

                    Defendant.

CASE NO. C10-1808MJP

BANKRUPTCY CASE NO. 09-22032-KAO

ADV PROC. NO. 10-01078-KAO

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

        THIS MATTER came on regularly for trial before the undersigned Judge of the above-

entitled Court on the 9th and 17th days of November, 2010, and the Court rendered its oral

1  decision on the 17th day of November, 2010.  Now the Court, having heard the testimony of

2  witnesses, memoranda submitted by counsel and the arguments of the parties, enters the

3  following Findings of Fact and Conclusion of Law.  Should a finding of fact more properly be

4  considered a conclusion of law, it should be so construed.  Similarly, if a conclusion of law is

5  more appropriately a finding of fact, it should be so construed.

6        The Court enters the following Findings of Fact and Conclusions of Law:

7  FINDINGS OF FACT

8     1.  The plaintiff filed this nondisclosure action in the bankruptcy court on February 18,

9        2010.

10    2.  The trial in this matter was transferred to this Court pursuant to 28 U.S.C. Section

11       157(b)(5).

12    3.  On September 1 and September 8, 2006, Defendant Mumford repeatedly struck,

13       shoved and knocked to the ground Thelma Mumford, his wife.

14    4.  Injuries included a broken arm, bruises on all sides of her body, including chest, back

15       and jaw, damage to her teeth and nerve damage to her face and eye; these injuries are

16       documented through photographs and dental and medical records.

17    5.  Thelma Mumford identified her husband as her attacker in court and on previous

18       occasions to her health care workers and to the police.

19    6.  The injuries are such that they cannot be self-inflicted.

20    7.  The plaintiff also suffered emotional injuries including extreme fear, sleep

21       disturbance, nightmares and loss of enjoyment of life.  She has been diagnosed by her

22       family practitioner as suffering from post-traumatic stress disorder.  These symptoms

23       have persisted from the date of the injury to the present.

24

FINDINGS OF FACT AND CONCLUSIONS OF
LAW- 2

8. These injuries were inflicted willfully and maliciously by Gregory Mumford in order to inflict pain, injury and fear.

9. As a result of the injuries inflicted, Thelma Mumford was referred to an ophthalmologist and for mental health treatment.

10. Thelma Mumford has had many difficult circumstances in her life and suffers from alcohol abuse issues.  Her mental health issues were exacerbated by Gregory Mumford's attack.

11. Thelma Mumford has not been fully treated for her dental and facial nerve damage due to lack of funds.  The injury sequelae have continued from the date of the attack until the time of trial.

12. Thelma Mumford is still experiencing a problem with tendonitis in her forearm, which constitutes indicia of an ongoing injury.

13. Thelma Mumford was working for her husband, occasionally doing books, but the amount of time spent on this task was minimal.  She was paid between $12-$13 an hour for this work.  It was the last job she had; she was not employed prior to the attack, nor has she been able to work since.  Loss of income has not been documented.

14. Medical costs which have been substantiated and are causally related to the injuries described above consist of: dental bills in the amount of $1,154 and family practitioner bills in the amount of $3,100.

15. The plaintiff has not proven that there was an intent to restrain her movements which existed as a separate and distinct plan from the intent to strike and injure her.

FINDINGS OF FACT AND CONCLUSIONS OF
LAW- 3

16. Plaintiff's injuries are serious and lead to extreme emotional distress, especially when inflicted by a spouse in the family home.

17. Defendant Mumford's suggestion that these injuries were self-inflicted or caused by someone else is not credible.  He was found on the property near in time to when the police were called.  He was difficult to arouse when found in his garage and appeared to have been drinking alcohol.  On this basis, the Court finds his memory unreliable.

18. There was no one else on the property at the time who would have been in a position to inflict these injuries.

19. For the injuries to Plaintiff, the Court awards the amount of $150,000.

20. Washington State recognizes Alford pleas.  One of the hallmarks of an Alford plea is the maintenance of innocence: the accused must articulate that he or she is innocent of wrongdoing but wishes to take advantage of a plea bargain.

21. In this matter, the face of the plea documents does not bear this indication.  The judge clearly made a finding that the plea was knowing, voluntary and intelligent.  The judge did not, on the face of the document, indicate that there was an Alford plea accepted by the court.  As to the September 1, 2006 battery, the plea is admitted as some evidence that the battery occurred.

22. In the alternative, there is ample other evidence proving the causes of action concerning battery without the plea documents.

## CONCLUSIONS OF LAW

1. The Court has jurisdiction of the parties and subject matter of this lawsuit pursuant to 28 U.S.C. Section 1579b)(5).

2. Washington law applies to the claims asserted in this case.

FINDINGS OF FACT AND CONCLUSIONS OF
LAW- 4

3.  The burden of proof is on the plaintiff, and the law requires proof by a preponderance of the evidence.

4.  The plaintiff has proven that a battery occurred on both September 1 and September 8, 2006, and that the defendant inflicted the injuries she incurred on both of those dates.

5.  The plaintiff has proven the tort of intentional infliction of emotional distress. These unprovoked attacks cannot be tolerated in a civilized society and were inflicted with the intent to cause emotional fear and dread.

6.  The defendant's actions were willful and malicious and are nondischargeable. The attacks targeted the plaintiff for harm and were done intentionally without just harm or excuse.

7.  The plaintiff's proof fails on the cause of action of unlawful imprisonment.  There is no proof that the defendant intended to restrain the plaintiff other than to engage in the infliction of blows and continue his assault.

8.  Plaintiff's medical expenses have been substantiated in the following amounts: dental bills in the amount of $1,154 and family practitioner/medical bills in the amount of $3,100.

9.  The Court awards the plaintiff $150,000 in general damages for pain, suffering, fear and mental anguish.

10. The Court finds that the amounts awarded to Plaintiff are not dischargeable in bankruptcy.

1    The clerk is ordered to provide copies of this order to all counsel.

2    Dated this 24th day of January, 2011.

3

4                                            Marsha J. Pechman
                                             United States District Judge
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

FINDINGS OF FACT AND CONCLUSIONS OF
LAW- 6